UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| JULIE A. SU,<br>Acting Secretary of Labor,<br>United States Department of Labor,<br><br>               Plaintiff,<br>v.<br><br>BATTLE FISH NORTH; MAGNOLIA<br>PROCESSING, INC.; WILLIAM HOUSTON<br>BATTLE, SR.; WILLIAM HOUSTON BATTLE,<br>JR.; THOMAS COOPER BATTLE,<br><br>               Defendants. | CIVIL ACTION NO.<br><br>3:23-CV-348-DMB-RP<br><br><br><br><br><br><br><br><br>**COMPLAINT**<br>(Injunction Requested) |

## INTRODUCTION

This cause of action, which arises under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq., hereinafter the Act or the FLSA, is brought by the Acting Secretary of Labor to restrain Defendants Battle Fish North ("Battle Fish"), Magnolia Processing, Inc. ("Magnolia"), William "Bill" Houston Battle Sr. ("Bill"), William Houston Battle Jr. ("Houston"), and Thomas Cooper Battle ("Cooper") from retaliating against workers in violation of Section 15(a)(3) of the Act, 29 U.S.C. § 215(a)(3) and obstructing the Secretary's investigation in violation of section 11(a) of the FLSA.

Immediately after the United States Department of Labor (the "Department") initiated its investigation of Defendants to determine whether they are in compliance with the FLSA and other federal worker protection statutes, Defendants embarked on a campaign of

obstruction, witness intimidation, and retaliation designed to prevent workers from asserting their rights under the Act and to frustrate the Department's investigation.

Defendants have directly interfered with the Department's investigation. Defendants have provided false information to Department investigators and attempted to hide relevant evidence. Even more troubling, Defendants have threatened workers who cooperate with the Department or speak to investigators with the following actions: physically harming workers and their families, causing workers to be deported, terminating workers and refusing to hire workers for future work seasons. Defendants' conduct obstructs the Department's investigation and undermines the Acting Secretary's ability to fulfill her statutory obligation to fully investigate Defendants' compliance with the FLSA and enforce the FLSA's worker-protection provisions.

The Acting Secretary is authorized under FLSA section 17, 29 U.S.C. § 217, to seek injunctive relief to restrain violations of the FLSA. Because Defendants retaliated against workers and have interfered with the Department's ongoing investigation, the Acting Secretary seeks an order enjoining Defendants and those acting on their behalf from violating sections 11(a) and 15(a)(3) of the FLSA through intimidation, threats, harassment, or other adverse action against current or former workers as a result of their protected activity under the Act.

## JURISDICTION AND VENUE

1. This court has jurisdiction over this action pursuant to Section 17 of the FLSA, 29 U.S.C. § 217, and 28 U.S.C. §§ 1331 and 1345.

2. Venue is proper in the U.S. District Court for the Northern District of Mississippi because a substantial part of the events giving rise to the claim occurred in this judicial district.

## FACTUAL ALLEGATIONS

### Parties

3. Plaintiff Julie Su, Acting Secretary of Labor, U.S. Department of Labor, is authorized to bring actions to restrain violations of the anti-retaliation provision and other provisions of the FLSA. See 29 U.S.C. §§ 211(a), 216(b), and 217.

4. Defendant Battle Fish North ("Battle Fish") is a business entity with a principal office and place of business located 5255 Highway 4, Tunica, Mississippi 38676. Battle Fish North operates a fish farm at this location in Tunica County, Mississippi.

5. Defendant Magnolia Processing, Inc. ("Magnolia Processing") is a limited liability company organized under the laws of Mississippi with a principal office and place of business located 5255 Highway 4, Tunica, Mississippi 38676. Magnolia Processing, Inc. operates a fish processing facility at this location in Tunica County, Mississippi.

6. Defendant William Houston Battle Sr. is the owner or co-owner of Defendants Battle Fish North and Magnolia Processing, Inc and at all times hereinafter mentioned, acted directly or indirectly in the interest of Defendants Battle Fish and Magnolia Processing, in relation to their workers, and therefore is an employer within the meaning of § 3(d) of the Act, 29 U.S.C. § 203(d).

7. Defendants William Houston Battle Jr. ("Houston"), and Thomas Cooper Battle ("Cooper") each direct and manage the affairs of Battle Fish and Magnolia Processing. They each perform managerial duties including hiring, firing, and managing all workers at Battle Fish and Magnolia Processing. Houston and Cooper are thus "employers" of these workers as defined under Section 3(d) of the Act, 29 U.S.C. § 203(d).

## The Department of Labor Investigation

8. In August 2023, the U.S. Department of Labor, through its Wage and Hour Division ("WHD"), began an investigation into whether Defendants were in compliance with the FLSA and H-2A provisions of the Immigration and Nationality Act, 8 U.S.C. § 1101, et seq., as amended by the Immigration Reform Control Act of 1986, Pub. L. 99-603, § 301, 100 Stat. 3359, 3411 and the implementing regulations.

9. On August 24, 2023, WHD investigators (WHIs) visited the worksite. As part of their investigation activities, the WHIs inspected the worksite, including worker housing and transportation, and they sought to interview workers.

10. During their investigation, WHD investigators discovered that Battle Fish managers, or someone acting at the direction of management, moved and concealed multiple vehicles used by Battle Fish workers to hide the fact that workers were using vehicles in a state of disrepair.

11. WHD investigators also determined that Defendants attempted to conceal at least one housing facility with substantial habitability issues from the WHD investigation.

12. Defendants also attempted to falsify information about Battle Fish's migrant workers in response to questions from WHD investigators.

13. During the course of WHD's investigation, Defendants and agents of the Defendants intentionally disrupted interviews with workers and demanded to know the identities of workers who were interviewed as part of the investigation.

14. During the course of the investigation, WHD investigators learned that Defendants instructed workers to lie or not speak to WHD's investigators. Defendants threatened to harm, deport, or

terminate workers if those workers participated in WHD's investigation by speaking truthfully with WHD investigators.

15. Defendants' threatening conduct created a "chilling effect" on the workers and made them afraid to speak to the WHIs such that workers often would not talk to the WHIs at all if they believed that Defendants would find out.

16. As a result of Defendants' repeated threats to workers, workers are afraid to speak truthfully with or participate in the Department's investigators, even when interviews are conducted offsite.

## FIRST CAUSE OF ACTION

**(Violation of the Anti-Retaliation Provision of the FLSA)**

17. Section 15(a)(3) of the FLSA, 29 U.S.C. § 215(a)(3), prohibits retaliation against workers because they assert their rights under the FLSA. The provision prohibits, among other things, "any person" from "discharg[ing] or in any other manner discriminat[ing] against any worker because such worker has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding …" 29 U.S.C. § 215(a)(3). Section 17 of the FLSA, 29 U.S.C. § 217, grants courts jurisdiction, for cause shown, to restrain violations of Section 15(a)(3) of the FLSA.

18. Defendants have violated and continue to violate Section 15(a)(3) by retaliating against and intimidating workers who spoke with WHD, a protected activity. Defendants have further violated and continued to violate Section 15(a)(3) by threatening and intimidating workers against speaking with WHD to prevent workers from doing so, thus chilling those workers from engaging in protected activity.

5

19. Defendants' retaliatory conduct includes: (1) threatening to discipline workers who provide information to the Department of Labor, (2) threating to physically harm or deport workers who provide information to the Department of Labor, and (3) intimidating workers during the course of the Department of Labor's investigation, such as by disrupting worker interviews with WHD investigators.

20. As a result of Defendants' actions, any reasonable worker would be dissuaded from engaging in activities protected under the FLSA, such as cooperating with an investigation by the Wage and Hour Division. Indeed, workers at the worksite are and were, in fact, dissuaded from engaging in activities protected under the FLSA.

## SECOND CAUSE OF ACTION

### (Obstruction of the Acting Secretary's Investigation)

21. Section 11(a) of the FLSA, 29 U.S.C. § 211(a) prohibits obstruction and interference with the Department's investigation. retaliation against workers because they assert their rights under the FLSA. Specifically, section 11(a) directs the Acting Secretary to seek injunctive relief to stop any employer who impedes the Acting Secretary's investigation. *See* 29 U.S.C. § 211(a) ("The Secretary shall bring all actions under section 17 to restrain violations of this chapter.").

22. Defendants have violated and continue to violate Section 11(a) by providing false statements to WHD, hiding relevant evidence from WHD, and threatening to harm, deport, or fire workers if they cooperate with the WHD's investigation.

23. Defendants' efforts to provide false testimony to, and hide evidence from, WHD constitute direct interference with WHD's investigation.

6

24. Moreover, as a result of Defendants' conduct set forth in the Complaint, workers are afraid of speaking truthfully to WHD or participating in the Department's investigation.

25. As a result of Defendants' actions, any reasonable worker would be dissuaded from engaging in activities protected under the FLSA, such as complaining about unpaid wages or cooperating with an investigation by the Wage and Hour Division.

26. WHD's investigations rely on the open and honest testimony of workers. Accordingly, Defendants' threats against workers and the ensuing deterrent effect upon those workers' willingness to testify has interfered with WHD's ability to conduct its investigation of Defendants.

27. By engaging in the conduct set forth in this Complaint, Defendants have violated section 11(a) of the FLSA, 29 U.S.C. § 211(a), by obstructing and interfering with the Department's investigation.

WHEREFORE, cause having been shown, the Acting Secretary respectfully requests that the Court enter judgment against Defendants and provide the following relief:

1. Defendants and their agents are enjoined from interfering in any WHD investigation 29 U.S.C. § 211(a) or retaliating or discriminating against any current or former worker in violation of 29 U.S.C. § 215(a)(3);

2. Defendants and their agents are enjoined from terminating or threatening to terminate, causing any worker to be deported or threatening to cause any worker to be deported, or retaliating or discriminating in any way against current and former workers of Battle Fish North and Magnolia Processing, Inc., based on Defendants' belief that a worker spoke with or intends to speak with a Department of Labor Wage Hour investigator, filed a complaint with the Department of Labor, or cooperated in any way in the Wage Hour investigation currently being conducted of Battle Fish North and Magnolia Processing, Inc.;

3. Defendants and their agents shall allow representatives of the Acting Secretary to read aloud in English and in Spanish the following statement, to all workers of Battle Fish North and Magnolia Processing during paid work hours informing them

of their right to speak, without retaliation or threats of retaliation or intimidation, with Wage Hour investigators regarding the instant investigation:

> "You are protected by the Fair Labor Standards Act and have the right to participate freely in the U.S. Department of Labor's investigation and litigation. You have the right to speak freely with investigators, attorneys, or other officials from the Department of Labor. It is illegal for your employer to fire you, withhold wages, reduce your wages or your hours, threaten to call immigration authorities, or otherwise retaliate against you for speaking to the Department of Labor or testifying as a witness for the Department of Labor. All workers have the right to be lawfully paid for the work they perform, regardless of race, ethnicity, or immigration status.
>
> The U.S. District Court for the Northern District of Mississippi has ordered Battle Fish North; Magnolia Processing, Inc.; William Houston Battle, Sr.; William Houston Battle, Jr.; Thomas Cooper Battle; and anyone acting on their behalf to cease coercing, retaliating against, threatening to retaliate against, intimidating, or attempting to influence or in any way threatening workers for providing information to the Department of Labor. If any of these Defendants or anybody acting on their behalf threatens or retaliates against you for speaking to anybody at the Department of Labor, you may report that threat or retaliation to Vilma Bell, Assistant District Director of the Jackson District Office of the U.S. Department of Labor, at 601-965-7394 or bell.vilma@dol.gov;"

4. Defendants shall post a copy of the above statement, in both English and in Spanish, in a conspicuous location at each Battle Fish North and Magnolia Processing, Inc. worksite, as well as each housing facility Battle Fish and/or Magnolia provide to their workers, and maintain the posting for the duration of Acting Secretary's investigation.

5. Defendants and their agents are enjoined from interrogating, inquiring about or discussing with any of their workers or former workers such worker's potential or actual communications with the Wage Hour Investigators or other agents of the Department of Labor;

6. Order all such other relief as may be appropriate, just, and proper.

|  |  |
|---|---|
| | Respectfully submitted, |
| <u>ADDRESS:</u> | SEEMA NANDA<br>Solicitor of Labor |
| Office of the Solicitor<br>U.S. Department of Labor<br>61 Forsyth Street, S.W.<br>Room 7T10<br>Atlanta, GA 30303 | TREMELLE I. HOWARD<br>Regional Solicitor<br><br>MONICA R. MOUKALIF<br>Counsel<br><br>By: */s/ John O. Gainey*<br>    JOHN O. GAINEY<br>    Trial Attorney<br><br>By: */s/ Daniel P. Miller*<br>    DANIEL P. MILLER<br>    Trial Attorney |
| Telephone:<br>(404) 302-5445<br>(404) 302-5438 (Facsimile)<br>Gainey.john.o@dol.gov<br>miller.daniel.p@dol.gov<br>atl.fedcourt@dol.gov<br>Moukalif.monica.r@dol.gov | Attorneys for the Secretary<br>of Labor, United States<br>Department of Labor |

SOL Case No. 23-00500