**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**

**JULIE A. SU,**

    *Acting Secretary of Labor, United States*
*Department of Labor*

                                               **CIVIL ACTION NO.: NO. 3:23-CV-**
**VS.**                                         **348-M-P**

**BATTLE FISH NORTH;**
**MAGNOLIA PROCESSING, INC.;**
**WILLIAM HOUSTON BATTLE, SR.;**
**WILLIAM HOUSTON BATTLE, JR.;**
**THOMAS COOPER BATTLE,**

    *Defendants*

**MEMORANDUM IN SUPPORT OF**
**DEFENDANTS' MOTION TO COMPEL DISCOVERY**

    **NOW INTO COURT**, through undersigned counsel, come Defendants, Battle Fish North;

Magnolia Processing, Inc.; William Houston Battle, Sr.; William Houston Battle, Jr.; and Thomas

Cooper Battle (collectively, "Defendants"), and respectfully submit this Memorandum in Support

of their Motion to Compel Discovery.

    The Acting Secretary of Labor ( "the Secretary") has categorically asserted the deliberative

process privilege and/or the government informer's privilege to nearly every written discovery

request Defendants propounded. The Secretary's inapplicable privilege assertions have already

prejudiced Defendants and prevented them from discovering information that is essential to the

presentation of their defenses. Defendants noticed the depositions of the Wage and Hour

investigators involved in the subject investigation against Defendants after the parties reached

agreements regarding dates and times, but Defendants were constrained to pass those notices when

the Secretary announced, on February 29, 2024, that she would assert these inapplicable privileges

during the depositions. Before taking this position, the Secretary had agreed to produce the Wage

and Hour investigators either remotely or in the various areas of the country where those investigators now reside.

As to the chief witness, the Secretary refused to produce Investigator Espinoza until <u>after</u> the discovery deadline in this case would have passed. The Secretary claims her refusal to produce Investigator Espinoza relates to a leave of absence that exceeds six months in duration. But the Secretary relied on Investigator Espinoza's testimony when litigating her motion for temporary restraining order. It is patently unfair to use Investigator Espinoza for that purpose, but then prevent Defendants' access to Investigator Espinoza for purposes of discovery – especially because Investigator Espinoza's need for leave was either was known, or should have been known at the time the Secretary agreed to the deadlines in the current scheduling order.

Fundamental notions of fairness and substantial justice militate in favor of permitting Defendants the opportunity to confront the witnesses who the Secretary would present at trial. And because the Secretary apparently plans to rely on third-party accounts that (presumably) have been obtained through the alleged investigation, Defendants are entitled to obtain and contest that evidence. The Secretary's shifting strategies have already deprived Defendants of discovery that could have been obtained at this time by way of depositions. And even though the Secretary offered additional time for discovery as a method of accommodating the prejudice caused by Investigator Espinoza's failure to timely appear, it is clear that offer was disingenuous. The Secretary had surreptitiously planned to assert inapplicable privileges all along, as evidenced by the Secretary advising Defendants of that plan for the first time on February 29, 2024 during a status conference with the Court, which the Secretary apparently announced only after the Court pointedly asked if the Secretary would asset the privilege during the depositions. The Secretary

should be compelled to fully respond to Defendants' requests, without objection, and Defendants show the following in support of their request for relief:

## FACTS RELEVANT TO THE COURT'S DETERMINATION

The Secretary of Labor sued Defendants on September 7, 2023, alleging retaliation and interference pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq. ("FLSA").[1] The Secretary alleges that the Defendants interfered with her August 23, 2023, investigation, and retaliated against employees who allegedly participated in the worksite enforcement investigation the Secretary alleges to have commenced that day.[2] These allegations are false.

Although the Secretary sued Magnolia Processing, Inc. for violations that were alleged to have occurred on August 23, 2023, the Secretary had not yet initiated a workplace enforcement investigation into Magnolia Processing, Inc. at that time. The Secretary of Labor did not investigate Magnolia Processing, Inc. until September 7, 2023, <u>after</u> this suit was filed or at the same time suit was being filed.[3] Defendants are entitled to obtain evidence that tends to show the assertions the Secretary made about Magnolia Processing on August 23, 2023, are false and are allegedly supported by affidavits that should not have been relied upon when the various DOL agents testified at the hearing on the motion for temporary restraining order.

The Secretary moved for injunctive relief on the same day this action was brought.[4] A hearing concerning the Secretary's Motion for a Temporary Restraining Order and Preliminary Injunction proceeded on September 27, 2023. The Secretary produced multiple witnesses who testified in support of the Secretary's request for equitable relief. Those witnesses never asserted

---

[1] Doc. 1 (Complaint).
[2] *Id.*
[3] *Id.*
[4] Doc. 3 (Motion for a Temporary Restraining Order and Preliminary Injunction).

any privilege while testifying on the Secretary's behalf. It follows that the Secretary's belated assertion of privileges should not be allowed to prevent disclosures of information the Secretary placed at issue when bringing this suit.[5]

On November 16, 2023, the Secretary and Defendants attended a scheduling conference with the Court, wherein the Secretary neither raised these privileges nor objected to the discovery timelines established by the Court. This Court issued a scheduling order that established a discovery completion deadline of May 16, 2024.[6]

Defendants propounded Requests for Production of Documents and Interrogatories to the Secretary on November 22, 2023. These requests sought information about the timeline and subject matter of the investigations into the Defendants' businesses in accordance with 29 U.S.C. § 211(a). The requests also asked appropriate questions about the Secretary's interference claim and about the employees that were allegedly retaliated against for participating in these investigations.[7] The Secretary requested a brief extension of time to respond on December 18, 2023, and Defendants obliged. Defendant made a second request for additional time on January 3, 2024, and Defendants obliged again. But when the Secretary responded, her answers were incomplete and subject to inapplicable privileges that shielded mandatory disclosures.

Defendants asked to confer with the Secretary regarding her deficient discovery responses.[8] The parties conferred pursuant to Rule 37 on Thursday, January 25, 2024.[9] At that time, Defendants explained their concerns about the sufficiency of the Secretary's discovery responses, and the Secretary's response was that no supplementation would be made. The Secretary did not

---

[5] Doc. 26 (Order on Motion for a Temporary Restraining Order and Preliminary Injunction).
[6] Doc. 37 (Case Management Order). At present, discovery must be completed within 60 days.
[7] 29 U.S.C. § 211(a).
[8] **Ex. "A"** (Letter from Defense counsel to Plaintiff's Counsel Requesting a Rule 37 Conference).
[9] **Ex. "B"** (Correspondence from Defense Counsel to Plaintiff's Counsel).

offer deposition dates during this conference. Defendants were finally constrained to notice depositions unilaterally because the Secretary had refused to provide dates.

In a second effort to obtain discoverable information, Defendants again asked the Secretary to confer to resolve this dispute. The parties conferred again on February 15, 2024. At that conference, Defendants again asked the Secretary to provide dates for depositions of key witnesses and to supplement her discovery responses. As to available dates, the Secretary explained that she would not produce witnesses in the venue where this suit was brought, which Defendants proposed as a reasonable location for testimony based on the fact that the Secretary had deployed the witnesses at issue (all of whom are Wage Hour investigators or directors) to this venue for investigative purposes and also to testify on her behalf when she advanced her request for injunctive relief at the hearing on the Motion for Temporary Restraining Order on September 27, 2023.

The Secretary never advised Defendants that she would assert privileges concerning the depositions that had been noticed.  Instead, the Secretary explained that she would not produce Investigator Kristina Espinoza until after the discovery deadline passes because Investigator Espinoza is currently on leave. The Secretary was unable to provide an exact date of when Investigator Espinoza would be available to testify but represented that she would probably be able to appear for her deposition in late June of 2024. Furthermore, instead of appropriately responding to written discovery requests, the Secretary still maintained that she is under no obligation to respond by virtue of the deliberative privilege and other privileges that are inapplicable in a case like this one where Defendants are called to prove they did not violate 29 U.S.C. § 211(a). This is why Defendants asked the Court for guidance on February 29, 2024.  It was not until that time that

the Secretary advised that she would move for a protective order concerning the depositions and related to the privileges she seeks to assert.

It is against this factual backdrop that Defendants seek judicial intervention and an Order compelling the Secretary of Labor to produce appropriate responses to Defendants' written discovery requests without objection, and to confer for purposes of selecting mutually feasible times and locations for the production of witnesses that Defendants have noticed for depositions. Defendants especially request judicial intervention to compel the Secretary to produce Investigator Kristina Espinoza for her deposition within the discovery timeline implemented by the court and agreed to by the Secretary during the scheduling conference.

## I.    LEGAL STANDARDS AND ANALYSIS

Federal Rule of Civil Procedure 26(b)(1) provides, "[p]arties may obtain discovery over any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."[10]  "Relevance" is broadly defined as "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case."[11] "Information within this scope of discovery need not be admissible in evidence to be discoverable,"[12]  and "[d]iscovery is permitted into any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue related to the claim or defense of any party."[13]

---

[10] Fed. R. Civ. P. 26(b)(1).
[11] *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).
[12] Fed. R. Civ. P. 26(b)(1).
[13] *Coughlin v. Lee*, 946 F.2d 1152, 1159 (5th Cir. 1991); *Joan Cravens Constru., Inc. v. Deas Constru. Inc.*, No. 1:15-CV-385-KS-MTP, 2016 WL 3667149, at *1 (S.D. Miss. June 30, 2016) (citing *Herbert v. Lando*, 441 U.S. 153, 177 (1979) ("The discovery rules are accorded a broad and liberal treatment to achieve their purpose of adequately informing litigants in civil trials.")).

Courts are "vested with broad discretion in establishing the scope of discovery."[14] The United States Supreme Court and the United States Court of Appeals for the Fifth Circuit have both held that "mutual knowledge of all relevant facts gathered by both parties is essential to proper litigation."[15]

The Secretary's interference claim is based on 29 U.S.C. § 211(a), which provides:

> The Administrator or his designated representatives may investigate and gather data regarding the wages, hours, and other conditions and practices of employment in any industry subject to this chapter, and may enter and inspect such places and such records (and make such transcriptions thereof), question such employees, and investigate such facts, conditions, practices, or matters as he may deem necessary or appropriate to determine whether any person has violated any provision of this chapter, or which may aid in the enforcement of the provisions of this chapter. Except as provided in section 212 of this title and in subsection (b) of this section, the Administrator shall utilize the bureaus and divisions of the Department of Labor for all the investigations and inspections necessary under this section. Except as provided in section 212 of this title, the Administrator shall bring all actions under section 217 of this title to restrain violations of this chapter.[16]

Defendants' inquiries were based on this statutory provision, as well as the provisions that control the Secretary's retaliation claim.[17]  Rather than disclosing information concerning these claims, the Secretary instead objected to almost all of Defendants' discovery requests on the basis of two government privileges: (1) the government informer's privilege; and (2) the deliberative process privilege. The Secretary's categorical assertion of these inapplicable privileges does not facilitate the mutual knowledge of information between the parties, nor does it allow the Defendants to adequately present its defenses.

Similarly, the Secretary refuses to produce Investigator Kristina Espinoza for deposition testimony until June of 2024, which is after the discovery deadline established by the Court during

---

[14] *Conboy v. Edward D. Jones & Co.*, 140 F. App'x 510, 516 (5th Cir. 2005).
[15] *Hickman v. Taylor*, 329 U.S. 495, 507 (1947); *United States v. Holley*, 942 F.2d 916, 924 (5th Cir. 1991).
[16] 29 U.S.C. § 211(a).
[17] 29 U.S.C. § 215(a)(3).

the scheduling conference on November 16, 2023.[18] Investigator Kristina Espinoza dominated the workplace investigation of Battle Fish North, provided the most detailed affidavit, and provided the most robust testimony during the hearing on the motion for temporary restraining order. Delaying Investigator Espinoza's deposition until after the discovery period is over will not facilitate the mutual knowledge of all relevant facts between the parties and will cause Defendants significant prejudice – an example of which is the inability to comply with the Court's scheduling order.

The Secretary's lack of cooperation in responding to written discovery appears to have been calculated. It was not until February 29, 2024, that the Secretary announced she planned to assert inapplicable privileges at the depositions that had been noticed. The Secretary made that announcement when the parties conferred with the Court to resolve this discovery dispute. Absent intervention from the Court, Defendants likely would have incurred the financial expense of preparing for and attending depositions, only to be informed that no responsive information would provided. There is no justification for the Secretary's decision to participate in multiple Rule 37 conferences and to agree to mutually feasible dates for the production of witnesses, only to belatedly announce that she intended to seek a protective order to assert privileges that have no application in this case. The Secretary's shifting conduct and refusal to timely present key witnesses (and then later announce her plan to object) is prejudicial to Defendants' ability to obtain responsive information and to prepare appropriate defenses. Therefore, this Court should exercise its discretion to compel the Secretary to produce complete and accurate responses to Defendants'

---

[18] The Secretary explained that Espinoza is now in inactive status and offered to extend discovery deadlines to accommodate Espinoza's unavailability. However, the Case Management Order requires discovery to be completed by May 16, 2024. The Secretary is aware dispositive motions are due June 6, 2024. So the time period the Secretary offered for Espinoza is currently unworkable and is prejudicial to Defendants.

discovery requests and to timely present Investigator Espinoza and all other fact witnesses for depositions within the applicable timelines for the reasons explained below.

## A. WRITTEN DISCOVERY RESPONSES

### 1. The Secretary's Reliance on the Government Informer's Privilege is Misplaced.

The Secretary objected to almost all of Defendants' discovery requests and asserted the "government informer's privilege."[19] The government informer's privilege does not apply to the Secretary's claims pursuant to 29 U.S.C. §§ 211(a) and 215(a)(3). "The [government informer's] privilege is a qualified privilege, rather than an absolute one; it is 'limited by the underlying purpose of the privilege as balanced against the fundamental requirements of fairness and disclosure in the litigation process.'"[20] When asserting this privilege, the Secretary focused on a privilege to withhold from disclosure the identities of persons who may have furnished information is not essential. Defendants' discovery seeks information concerning the Secretary's cause of action and burden of proof. The purpose of the privilege is to ensure "the furtherance and protection of the public interest in effective law enforcement."[21] When asserting this privilege, the Secretary claimed "the government's privilege to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of the law."[22]

The Secretary relies on *Rovario v. United States*, 353 U.S. 53 (1957) to justify her assertion of the privilege, but in doing so, she ignores the key portions of *Rovario* that narrow this privilege and that show the Secretary is unable to categorically shield disclosures on this basis. Specifically, *Rovario* held the informer's privilege does not apply when "the disclosure of an informer's

---

[19] *See* **Ex. "C"** (Plaintiff's Privilege Log); **Ex. "D"** (Plaintiff's Responses to Defendants' First Interrogatories Nos. 1-6, 8-16); **Ex. "F"** (Plaintiff's Responses to Defendants' Second Requests for Production Nos. 1-15, 17-21, 24.)
[20] *Acosta v. Five Star Automatic Fire Protection, LLC*, 2017 WL 10604137, at *2 (W.D. Tex. May 30, 2017) (quoting *Hodgson v. Charles Martin Inspectors of Petroleum, Inc.*, 459 F.2d 303, 305 (5th Cir. 1972).
[21] *Id.*, at 1218-19.
[22] *See* **Ex. "E."** (Letter from Plaintiff's Counsel to Defense Counsel).

identity, or the contents of his communications, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause. . . ."[23] In such situations, "the privilege must give way[,]" and "the trial court may require disclosure and, if the Government withholds the information, dismiss the action."[24] "To determine whether disclosure is required, [this court should] balance the government's interest in nondisclosure against the private litigant's interest in disclosure."[25] The Fifth Circuit articulated the factors to be balanced are: (1) "the public's interest in efficient enforcement of the [law]"; (2) "the informer's right to be protected against possible retaliation"; and (3) "the defendant's need to prepare for trial."[26]

Importantly, district courts in the Fifth Circuit have adopted *Rovario*'s pronouncement that, like here, this qualified privilege "does not apply when the disclosure sought will not tend to reveal the identity of the informant."[27] A review of the discovery Defendants propounded shows that responses can be provided without compromising any employee's identity. Against this backdrop, the Secretary's categorical assertion of the government informer's privilege is impermissible under Rule 26.

The Secretary's focus on withholding the identities of the "informers" is a red herring because the vast majority of the discovery requests do not call for the disclosure of any alleged informer's identity. For example, the Secretary improperly asserted the government informer's privilege to the following Interrogatories that did not require disclosure of the identity of any alleged informer[28]:

- Interrogatory No. 5 asked the Secretary to "[i]dentify all documents and/or tangible things known by [the Secretary] to exist, and the location and custodian of each

---

[23] *Rovario v. United States*, 353 U.S. 53, 60-61 (1957).
[24] *Gomez-Rojas*, 507 F.2d at 1219.
[25] *In re Kleberg County, Texas*, No. 04-40001, 2004 WL 75455 at *4 (5th Cir. Jan. 15, 2004).
[26] *Brock v. On Shore Quality Control Specialists, Inc.*, 811 F.2d 282 (5th Cir. 1987).
[27] *Vidrine v. U.S.*, 2009 WL 1844476, at *4 (W.D. La. June 22, 2009) (citing *Rovario*, 353 U.S. at 60).
[28] **Ex. "G"** (Acting Secretary of Labor's Responses to Battle Fish North and Magnolia Processing, Inc.'s First Interrogatories)

document, that tend to support or contradict the allegations made in the Complaint and/or the Motion for Temporary Restraining Order." Instead of answering, the Secretary merely directed Defendants to the Secretary's 58-page document production that accompanied the Secretary's initial disclosures.[29] That response did not comply with Fed. R. Civ. P. 33(d), and the Secretary's privilege log did not comply with Fed. R. Civ. P. 26(b)(5)(A)(ii) because it referenced an "unknown" document production that purports to contain "all documents within the file for the ongoing H-2A/FLSA Investigation," which the Secretary has withheld based on its assertion of the government informer's privilege.[30]

- Interrogatory No. 6 asked the Secretary to "[s]tate with specificity the current status of the investigation referenced in Paragraph 8 of the Complaint."[31] That question was appropriate according to 29 U.S.C. § 211(a), but it was also afforded no appropriate response.

- Interrogatory No. 9 asked the Secretary to "[p]rovide the full factual basis for [her] claim that Battle-Magnolia Defendants violated 29 U.S.C. § 215(a)(3) as alleged in Paragraphs 18 and 19 of the Complaint."[32] In response, the Secretary referenced pleadings she authored in the case, such as the Complaint. The problem with the Secretary's circular response is that Defendants asked about the basis for the allegations in the Complaint.

- Interrogatory No. 13 asked the Secretary to identify '***the number*** of Battle Fish workers' Investigator Espinoza 'attempted to interview' as alleged in Paragraph 11(c) of her declaration attached to the Motion for Temporary Restraining Order."[33]

Defendants' discovery requests follow this general pattern, but the Secretary has categorically failed to answer. None of the foregoing interrogatories call for the disclosure of the purported informers' identities. Defendants' request for information that supports or contradicts the Secretary's allegations, the "current status of the investigation," the factual basis for the Secretary's FLSA retaliation claim, and the number of H-2A workers that Investigator Espinoza attempted to interview certainly fall within the ambit of 29 U.S.C. § 211(a) and 215(a)(3), as well as within the scope of discovery under Rule 26(b) because none of those requests would subject

---

[29] *Id.*
[30] *See* **Ex. "C."**
[31] **Ex. "G."**
[32] *Id.*
[33] *Id.*

any of the purported informers to retaliation, the requests are narrowly tailored, and the requests are central to the claims and defenses at issue in this litigation. "Allowing the DOL's view of the privilege to carry the day would result in a tremendous litigation advantage for the Secretary[.]"[34]

While courts have upheld the informer's privilege in civil lawsuits relating to the FLSA, the underlying rationale for the privilege that the Supreme Court expressed in *Rovario* must be considered in context of the specific claims and defenses at issue in this case. Whereas the "informer" in *Rovario* was an undercover agent involved in a criminal conspiracy, the purported "informers" in this case (presumably) are current and/or former employees of Defendants, whom the Secretary relies upon to support a claim for FLSA interference in this lawsuit. Defendants recognize, "[t]he persons to be protected by the privilege are employees" whom the Secretary suggests have "legitimate complaints", and who are allegedly "exercising their constitutional and statutory right to present their grievances to the government." [35] But none of those prerequisites have been established by a sufficient factual basis. And this is why discovery on narrowly tailored subjects should be permitted.

Defendants' need to prepare for trial far outweighs the government's concern about protecting information that is not shielded from disclosure. This case alleges interference and retaliation. It would be impossible for Defendants to present their defenses if they remain unaware of the facts that the Secretary has concerning who allegedly engaged in interference or who was retaliated against for allegedly participating in the workplace investigation.[36]

---

[34] *Acosta*, 2017 WL 10604137, at *3.

[35] *Brennan v. Engineered Products, Inc.*, 506 F.2d 299, 302 (8th Cir. 1974).

[36] *See Acosta v. Five Star Automatic Fire Protection, LLC*, 2017 WL 10604137, at *3 (W.D. Tex. May 30 2017) (rejecting Secretary of Labor's assertion of government informer's privilege in FLSA retaliation case and requiring disclosure of names of current and former employees of the defendant because "[t]o allow the DOL to such a broad view of the privilege, one which in practical terms takes the privilege from a qualified to an absolute privilege, places the Defendant at an unfair advantage[,]" and "it is difficult to imagine how [upholding the privilege to protect employees against retaliation] would allow counsel for the Defendant to make an informed analysis of any potential liability and risk to their client.") (emphasis added)).

To prove FLSA retaliation, the Secretary must establish (1) participation in a protected activity; (2) an adverse employment action; and (3) a causal connection between the protected activity and the adverse employment action.[37]   At minimum, to defend against this claim, Defendants need information concerning the factual basis for the Secretary's retaliation claim, what event the Secretary contends amounts to an alleged adverse employment action (or threat of an adverse employment action), and how the Secretary intends to establish the requisite causal connection between the protected activity and the alleged adverse employment action.   The Secretary's unfounded assertion of the privilege in response to those limited inquiries unduly prejudices Defendants' ability to defend against the retaliation claim.

When discussing this matter with the Court during the parties' discovery conference on February 29, 2024, the Secretary suggested that Defendants' discovery concerns could be cured by simply seeking the requested information from Defendants' employees.  The Secretary took this position while ironically claiming that Defendants retaliated against its employees, even though the Secretary was well aware that the Court had issued a temporary restraining order based on representations the Secretary made to the Court.  It seems that the Secretary would not so quickly take an alternative view on a claim she asserts is legitimate.  So, the Secretary's invitation for Defendants to interview its own employees during the pendency of a federal lawsuit alleging retaliation further underscores why the Secretary's assertion of the informer's privilege should be afforded no credence.

As for the Secretary's claim for FLSA interference, Defendants are entitled to discover details regarding the scope of the Secretary's investigation.   29 U.S.C. § 211(a) authorizes the Secretary to (1) "gather data regarding the wages, hours, and other conditions and practices of

---

[37] *See Sherrod v. American Airlines, Inc.*, 132 F.3d 1112, 1122 (5th Cir. 1998).

employment in any industry subject to this chapter," (2) to "enter and inspect such places and such records (and make such transcriptions thereof)," and (3) "question such employees, and investigate such facts, conditions, practices, or matters as [s]he may deem necessary or appropriate to determine whether any person has violated any provision of this chapter[.]"[38]  To prevail on this claim, the Secretary must prove which discrete acts of Defendants impeded or interfered with her ability to effectuate her investigative authority under 29 U.S.C. § 211(a).  For this reason, Defendants' request seeking the number of workers Investigator Espinoza attempted to interview, the scope of the investigation, the status of the current investigation, and the full factual basis for the claim are essential to Defendants' ability to defend against the interference claim.  The Secretary has alleged interference, while simultaneously withholding information to support her claim.  The Court should not countenance such impermissible discovery gamesmanship.

In the discovery conference held on Thursday, February 29, 2024, the Secretary stated she adequately described the interference and retaliation allegations in her Complaint and in the briefing for the Secretary's request for a Temporary Restraining Order.  However, these pleadings did not inform the Defendants of the factual basis that supports the allegations the Secretary intends to prove at trial.  This case is contested.  And the Defendants are entitled to dispute and refute the claims alleged against them.  Moreover, the alleged informers are already protected by the order the Court issued after the hearing on the motion for temporary restraining order. Therefore, the Secretary should be compelled to respond to Defendants' discovery requests, and the Secretary's categorical objections based on the government informer's privilege should be overruled.

---

[38] 29 U.S.C. 211(a).

2. **The Secretary lacks sufficient basis to assert the deliberative process or investigative process privilege.**

The Secretary objected to nineteen (19) separate Requests for Production and three (3) Interrogatories based on the deliberative process privilege.[39] Those objections were presented without appropriate basis. "The deliberative process privilege protects communications that are part of the decision-making process of a governmental agency."[40] The privilege has varied purposes including assuring that "subordinates within an agency will feel free to provide the decisionmaker with their uninhibited opinions and recommendations without fear of later being subject to public ridicule or criticism;" "to protect against premature disclosure of proposed policies before they have been finally formulated or adopted;" and to "protect against confusing the issues and misleading the public by dissemination of documents suggesting reasons and rationales for a course of action which were not in fact the ultimate reasons for the agency's action."[41] Like the government informer's privilege, the deliberative process privilege is not absolute, and it does "not protect Government secrecy pure and simple."[42]

"In deciding whether a document should be protected by the privilege [courts] look to whether the document is 'predecisional' whether it was generated before the adoption of agency policy and whether the document is 'deliberative' whether it reflects the give-and-take of the consultative process."[43] Furthermore, just because a document is protected by the privilege does not mean that it is undiscoverable. The privilege "may be overcome where there is a sufficient showing of a particularized need to outweigh the reasons for confidentiality."[44] In other words, the privilege can be overcome by a sufficient showing that the Defendants' "need for the materials

---

[39] *See* **Ex. "D."**; **Ex. "F."**
[40] *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132 (1975).
[41] *Coastal States Gas Corp. v. Department of Energy*, 617 F.2d 854, 866 (D.C. 1980).
[42] *Department of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1 (2001).
[43] *Id.*
[44] *United States v. Farley*, 11 F.3d 1385, 1389 (7th Cir. 1993).

and the need for accurate fact-finding override [the government's] interest in non-disclosure."[45] Courts consider multiple factors when determining whether the deliberative process privilege is overcome. These factors include:

> (1) the relevance of the evidence, (2) the availability of other evidence, (3) the government's role in the litigation, (4) the extent to which disclosure would hinder frank and independent discussion regarding contemplated policies and decisions, (5) the interest of the litigant, and ultimately society, in accurate judicial fact finding, (6) the seriousness of the litigation and the issues involved, (7) the presence of issues concerning alleged governmental misconduct, and (8) the federal interest in the enforcement of federal law.[46]

The party raising the claim of deliberative process privilege has "the burden of demonstrating that the matters under inquiry fall within the confines of the privilege."[47]

The Secretary filed a lawsuit alleging that Defendants interfered with her investigation and retaliated against their own employees when doing so. Although the Secretary's allegations are false, Defendants are entitled to obtain the evidence the Secretary will rely on to prove these allegations at trial. Insomuch as the Secretary placed this investigation at issue, Defendants' need for responsive information from -the Secretary outweighs any alleged interest the Secretary may have in non-disclosure of information she asserted in her lawsuit and that she placed at issue in court while testifying about these matters Even if this privilege were to apply, the Secretary waived this privileged when she advanced her motion for temporary restraining order and called witnesses (*i.e.*, three Department of Labor agents) to testify about the investigation in open court. Defendants cross-examined those witnesses in that limited proceeding and are likewise entitled to confront those witnesses, and others, concerning the merits of the Secretary's case.

---

[45] *Doe v. City of San Antonio*, 2014 WL 6390890, at *2 (W.D. Tex. Nov. 17, 2014).
[46] *Swanston v. City of Plano, Texas*, 2020 WL 4732214 (E.D. Tex. Aug. 14, 2020).
[47] *In re McBryde*, 120 F.3d 519, 524 (5th Cir. 1997).

The information Defendants seek is relevant to the Secretary's claim that Defendants interfered with the Department of Labor's Wage and Hour investigation and retaliated against employees. The Secretary has asserted serious claims against Defendants, and the defense thereof is encumbered by the Secretary's refusal to disclose relevant information that is in her possession.[48] Defendants are entitled to know the details of the alleged interference and retaliation so those claims can be rebutted. Furthermore, the evidence at issue was not established in the agency decision making process that concerns policy or guidance, and the Secretary placed this matter at issue when she raised this issue in the public forum, both in Court and in the news media. Common notions of fundamental fairness and substantial justice dictate that the Secretary should not be permitted to bring this type of claim against Defendants while hiding the information that Defendants need to rebut the assertion. Defendants will be unable to fairly litigate this case and present their defenses absent production of the information requested in their discovery requests. The Secretary should be compelled to accurately and honestly respond to these requests, such that equal access to justice can be had.

## B. THE DEPOSITIONS OF GOVERNMENT WITNESSES, SPECIFICALLY THAT OF INVESTIGATOR KRISTINA ESPINOZA

In addition to the Secretary's refusal to adequately respond to written discovery, she also refuses to produce government witnesses for depositions in timeframe provided by the Court's Scheduling Order. Defendants request relief from this Court for the timely production of Investigator Kristina Espinoza, and the production of all other government witnesses in the

---

[48] Notably, the Court should consider the fact that the conduct of the parties is now governed by the September 27, 2023, Temporary Restraining Order that maintained the *status quo* by enjoining Defendants from retaliating in violation of 29 U.S.C. § 215(a)(3). This means that Defendants are unable to question their employees concerning the investigations that are supposedly ongoing.

jurisdiction where the suit was brought or in another centrally located venue that will not prejudice the Defendants.

After making multiple requests, without any response concerning dates when the Secretary's witnesses would be produced for depositions, Defendants noticed the deposition of Investigator Kristina Espinoza to take place on March 26, 2024, in Jackson, Mississippi. Defendants also noticed all other DOL agents who participated in the Secretary's investigation.[49] The Secretary objected to Investigator Espinoza's notice, arguing that Investigator Espinoza is unavailable to testify until June of 2024 – more than five months after the date that the deposition was noticed. The Secretary's reasoning is that Investigator Espinoza is on leave in excess of 180 days and therefore has been and will be unavailable to testify for the remainder of the discovery period. And on February 29, 2024, the Secretary indicated she would object to all other notices based on an alleged privilege. Accordingly, as of this date, discovery must be completed within sixty (60) days, and the Secretary has not agreed to produce a single witness who has actual knowledge concerning the issues in this case.

The Case Management Order requires discovery to be completed by May 16, 2024, which was established during a scheduling conference where the Secretary's counsel was present and agreeable, bringing no objection or disclaimer concerning the close of discovery due to the unavailability of any witness.[50] Dispositive motions are due in June of 2024, and that is the time the Secretary had agreed to produce Espinoza, until she changed her mind on February 29, 2024, to rely on a yet-to-be-filed protective order. Because the Secretary's timing and everchanging preferences concerning this issue are prejudicial to Defendants and are not permitted by the scheduling deadlines now in effect, Defendants respectfully request that this Court compel the

---

[49] See **Ex. "G"** (Notices of Deposition to Wage and Hour Investigators)
[50] *See* Doc. 37.

timely deposition of Investigator Espinoza and all other witnesses who were noticed, or require the Secretary to show cause why Espinoza and all other witnesses should not appear within the time delays established in the Scheduling Order.

Additionally, the Secretary has stated that she will not produce the government witnesses who were originally noticed in Jackson, Mississippi. Instead, the Secretary argues that Defendants must travel to each city where the Investigators live, including but not limited to Orlando, Phoenix and Jackson. Requiring Defendants' counsel to travel to multiple different cities around the country to take depositions is prejudicial, especially in light of the fact that the the Secretary has produced these witnesses in the venue where she brought suit multiple times throughout this litigation. Likewise, withholding the truth about her strategy until February 29, 2024 is also prejudicial to Defendants because the Secretary has consumed time that should have been used to complete discovery, all while advancing some other alleged investigation, the findings of which should viewed with jaundiced eyes.  Defendants respectfully request that this Court compel the Secretary to produce the government witnesses in the venue where she brought suit, or in the mutually convenient location of Jackson, Mississippi, as the Defendants originally provided on their Notices of Deposition.

## II.    CONCLUSION

As of February 29, 2024, the Secretary's position is that she can sue alleging interference and retaliation, proceed to trial, but not be subject to confrontation like any other litigant in a contested proceeding.  When the Secretary decided to bring this action, she took on the vicissitudes of litigation that include fair dealings with the responding party.  The Secretary does not have superior status or standing in comparison to Defendants.  Depositions were timely noticed to be completed within the timelines established by this Court.  Defendants have complied with the

Court's deadlines by timely seeking the production of witnesses. The Secretary agreed to produce the witnesses, but was forced to give a candid account in the presence of the Court. The Secretary should not benefit from her unfair dealings.

Investigator Espinoza is currently in inactive status, but her status was known (or should have been known) to the Secretary when the discovery deadlines were agreed, and the Secretary's claims are primarily predicated on information known to Espinoza. Defendants should be able to obtain this information before it spoils and in a sequence that is not prejudicial.

As to the lacking discovery responses, the Secretary has objected on the basis of two government privileges that are not applicable. These actions have prohibited Defendants from acquiring discoverable information that is essential to the development and presentation of their defenses, especially because the Secretary now refuses to produce any witness to substantiate her claims. Defendants' affirmative defenses are manifold and include the defense of good faith that would be developed through contradictory process.

Accordingly, Defendants are constrained to ask this Court to Compel the Secretary to adequately respond to Defendants' written discovery requests without objection, and to produce Investigator Kristina Espinoza and all other noticed deponents for deposition within the allotted discovery timeframe.

Respectfully submitted,

**PHELPS DUNBAR LLP**

BY:   */s/ Brandon E. Davis*
‌          BRANDON E. DAVIS
          *Admitted Pro Hac Vice*
          Canal Place | 365 Canal Street, Suite 2000
          New Orleans, Louisiana 70130
          Telephone: 504 566 1311
          Facsimile: 504 568 9130
          Email: davisb@phelps.com

20

/s/ Marcellus D. Chamberlain
MARCELLUS D. CHAMBERLAIN
(MB #105672)
4270 I-55 North
Jackson, Mississippi 39211
Telephone: 601 352 2300
Facsimile: 601 360 9777
Email: marcellus.chamberlain@phelps.com

**ATTORNEYS FOR DEFENDANTS
BATTLE FISH NORTH;
MAGNOLIA PROCESSING, INC.; WILLIAM
HOUSTON BATTLE, SR.; WILLIAM
HOUSTON BATTLE, JR.; & THOMAS
COOPER BATTLE**

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of March, 2024, the foregoing was electronically filed and served on all counsel of record through the Court's CM/ECF system.

/s/ Brandon E. Davis
BRANDON E. DAVIS