IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**JULIE A. SU,**                                                                                    **PLAINTIFF**
**Acting Secretary of Labor,**
**United States Department of Labor**

**VS.**                                       **CIVIL ACTION NO.: 3:23-cv-348-MPM-RP**

**BATTLE FISH NORTH, et al.**                                                  **DEFENDANTS**

## ORDER DENYING MOTION TO RECONSIDER

This matter is before the court on the Motion to Reconsider filed by the plaintiff Julie A. Su, Acting Secretary of Labor, United States Department of Labor. ECF #71. The Acting Secretary seeks the court's reconsideration of its orders [ECF #64 and 65] granting in part and denying in part the Acting Secretary's motion for protective order and the defendants' motion to compel. The defendants oppose the motion to reconsider. The court finds the motion is not well taken and should be denied.

## Background

According to the Acting Secretary's complaint, the defendant Battle Fish North operates a fish farm in Tunica, Mississippi; the defendant Magnolia Processing, Inc. operates a fish processing facility at the same location; and the individual defendants William Houston Battle, Sr., William Houston Battle, Jr., and Thomas Cooper Battle own and/or manage the referenced fish farming and processing businesses. The Acting Secretary brought this action seeking injunctive relief as a result of (1) the defendants' alleged interference with an investigation being conducted by the Department of Labor's Wage and Hour Division ("WHD") into the defendants' compliance with the wage and hour provisions of the Fair Labor Standards Act ("FLSA") and the H-2A provisions of the Immigration and Nationality Act ("INA"), and (2) the defendants'

alleged retaliation against workers cooperating in that investigation. The complaint alleges that the defendants interfered with and obstructed WHD's investigation in violation of 29 U.S.C. § 211(a) – the FLSA's provision authorizing such investigations and the pursuit of injunctive relief – by intimidating workers, by hiding evidence from and providing false testimony to WHD investigators, and by threatening to harm, deport, or fire workers if they cooperate with the investigation. According to the complaint, the defendants' alleged threats to workers also violated the FLSA's anti-retaliation provision, 29 U.S.C. § 215(a)(3).

During discovery, a dispute arose regarding, among other things, whether the Acting Secretary should be required to disclose the identities of the defendants' employees who spoke with WHD investigators. This dispute was one of the subjects of the Acting Secretary's motion for a protective order and the defendants' motion to compel. The Acting Secretary sought an order protecting against the disclosure of this information under the "government informer's privilege," and the defendants sought an order compelling the disclosure of this information as necessary for the preparation of their defenses against the Acting Secretary's claims.

In ruling on the motions, the court considered each of the interests to be balanced when determining whether a claim of informer's privilege must give way in an FLSA case, those interests being the public's interest in efficient enforcement of the Act, the informer's right to be protected against possible retaliation, and the defendant's need to prepare for trial. *Brock v. On Shore Quality Control Specialists, Inc.,* 811 F.2d 282, 284 (5th Cir. 1987). After balancing those interests with regard to the particular circumstances of this case, the court found "that in accordance with the fundamental requirements of fairness, the informer's privilege must give way with respect to the identities of those workers who spoke to WHD investigators and who

have knowledge of the defendants' alleged interference and/or threats of retaliation." ECF #64 at 9. The court granted in part and denied in part the competing discovery motions and ordered the disclosure of the identities and unredacted statements of such workers, while ordering the protection of the identities of workers who may have reported wage and hour or H-2A violations to WHD investigators, but who have no knowledge of any alleged interference or threats of retaliation by the defendants. The Acting Secretary now asks the court to reconsider its ruling and to uphold the Acting Secretary's claim of the informer's privilege as to the identities of all the defendants' workers who spoke to WHD investigators.

## **Legal Standard**

A motion asking the court to reconsider a prior ruling is evaluated as a motion to alter or amend a judgment under Federal Rule of Civil Procedure 59(e) when it is filed within twenty-eight days after the entry of judgment. *Demahy v. Schwarz Pharma, Inc.,* 702 F.3d 177, 182 n.2 (5th Cir. 2012). The Acting Secretary's motion to reconsider having been filed within this timeframe, it will be considered as a Rule 59(e) motion.

Rule 59(e) serves "the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Simon v. United States,* 891 F.2d 1154, 1159 (5th Cir. 1990). There are three grounds for reconsideration under the rule: (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; and (3) the need to correct a clear error of law or prevent manifest injustice." *In re Benjamin Moore & Co.,* 318 F.3d 626, 629 (5th Cir. 2002). Reconsideration of a previous order is "an extraordinary remedy and should be used sparingly." *Nationalist Movement v. Town of Jena,* 321 F.App'x 359, 264 (5th Cir. 2009).

Rule 59(e) motions are "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. Hydrochem, Inc.,* 367 F.3d 473, 478 (5th Cir. 2004). Nor should Rule 59(e) motions be used "to re-urge matters that have already been advanced by a party." *Nationalist Movement,* 321 F.App'x at 264. "A motion for reconsideration based on recycled arguments serves only to waste the court's resources." *Texas Instruments, Inc. v. Hyundai Electronics Industries, Company, Ltd.,* 50 F.Supp.2d 619, 621 (E.D. Tex. 1999). Before filing a Rule 59(e) motion, a litigant "should evaluate whether what may seem to be a clear error of law is in fact simply a point of disagreement between the Court and the litigant." *Atkins v. Marathon LeTourneau Co.,* 130 F.R.D. 625, 626 (S.D. Miss. 1990). "Whatever may be the purpose of Rule 59(e) it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge." *Id.* (quoting *Durkin v. Taylor,* 444 F.supp. 879, 889 (E.D. Va. 1977)).

## **Discussion**

The Acting Secretary purports to bring her Rule 59(e) motion in order to correct a clear error of law. However, the Acting Secretary points to no incorrect statement of the law anywhere in the court's prior rulings. Instead, the Acting Secretary argues that the court "improperly weighed the parties' respective interests" in determining whether the informer's privilege must give way. Acting Secretary's brief, ECF #72 at 4. Arguing that public policy outweighs the defendants' need for the workers' identities and that there is a need to protect the workers from retaliation, the Acting Secretary essentially asks the court to reweigh the relevant interests in her favor. This is a classic example of how a Rule 59(e) motion should not be used.

The Acting Secretary also argues that because the court distinguished this FLSA retaliation case from the FLSA wage and hour cases relied upon by the Acting Secretary, the court's rulings imply that the informer's privilege does not apply in retaliation cases. However, the court made no such implication. To the contrary, the court applied the informer's privilege in this case, correctly noted it is not an absolute privilege but a qualified one, and then balanced the relevant interests in determining that the privilege as to certain informers' identities must give way under the particular circumstances of this case, including the specific nature of the Acting Secretary's allegations, the parties' respective positions with respect to access to relevant information, the Acting Secretary's less than compelling evidence (i.e., hearsay) presented at the hearing on her motion for preliminary injunction that any retaliation actually took place, and the presence nonetheless of a preliminary injunction enjoining any retaliation by the defendants against current or former employees (a circumstance conspicuously omitted from the Acting Secretary's argument). The Acting Secretary's inference of a sweeping holding that the informer's privilege does not apply in retaliation cases is simply incorrect, and what she characterizes as a clear error of law is in fact simply a point of disagreement with the court's decision.

The Acting Secretary also argues that the court's ruling requiring the disclosure of certain informers' identities is premature, as the Acting Secretary has not yet decided which informants she will call as trial witnesses, and that only then, in post-discovery pretrial proceedings, should the Acting Secretary be required to disclose the identities of any confidential informants. However, this argument misses the mark. It should go without saying that notwithstanding the informer's privilege, the Acting Secretary will have to identify her trial witnesses at some point.

There is no dispute about that. The question before the court in the discovery motions was whether the informer's privilege must give way in this case *during discovery*. With respect to certain workers, the court found that it must, and the court took special care to clarify that its ruling does not require the Acting Secretary to disclose her trial witnesses, who are to be disclosed post-discovery in preparation of the pretrial order in advance of the pretrial conference. The Acting Secretary's argument that the court's ruling somehow upends the procedure for disclosing trial witnesses is without merit and is expressly contradicted by the ruling itself.

    For these reasons, the Acting Secretary's Motion to Reconsider [ECF #71] is DENIED. Further, the Acting Secretary's motion to stay the effect of the court's prior rulings pending a ruling on her motion to reconsider [ECF #67] is dismissed as MOOT.

    SO ORDERED, this, the 10th day of July, 2024.

                                             /s/ Roy Percy
                                         UNITED STATES MAGISTRATE JUDGE