UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

| | | |
|---|---|---|
| JULIE A. SU, | ) | |
| Acting Secretary of Labor, | ) | CIVIL ACTION NO. |
| United States Department of Labor, | ) | |
| | ) | 3:23-cv-00348-MPM-RP |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| BATTLE FISH NORTH; MAGNOLIA | ) | |
| PROCESSING, INC.; WILLIAM HOUSTON | ) | |
| BATTLE, SR.; WILLIAM HOUSTON BATTLE, | ) | |
| JR.; and THOMAS COOPER BATTLE, | ) | |
| | ) | |
| Defendants. | ) | |

**CONSENT JUDGMENT**

Pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (the "FLSA" or "Act"), Plaintiff Julie A. Su, Acting Secretary of Labor, United States Department of Labor (the "Acting Secretary") has sought a temporary restraining order and preliminary injunction against Defendants Battle Fish North ("Battle Fish"), Magnolia Processing, Inc. ("Magnolia"), William "Bill" Houston Battle Sr. ("Bill"), William Houston Battle Jr. ("Houston"), and Thomas Cooper Battle ("Cooper") (collectively, "Defendants") consent to the entry of this Judgment, without further contest.

The parties stipulate the following.

An investigation was initiated by Acting Secretary of Battle Fish on or about August 23, 2023. Various investigators received information from employees which has now been clarified through discovery. These misunderstandings have been resolved between the Plaintiff and

Defendants. The parties agree that there have been no findings of fact or conclusions of law as to the instant matter.

By agreement of the parties, pursuant to Rule 65 of the Federal Rules of Civil Procedure and Section 17 of the FLSA, 29 U.S.C. § 217, it is, therefore:

ORDERED, ADJUDGED and DECREED as follows:

1. Defendants Magnolia Processing, Inc. and Battle Fish North, their agents, servants, employees and all persons in active concert or participation with them who receive actual notice hereof are enjoined from violating the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq., hereinafter referred to as the Act, in any of the following manners:

    a. interfering in any WHD investigation 29 U.S.C. § 211(a) or retaliating or discriminating against any current or former worker in violation of 29 U.S.C. § 215(a)(3); or

    b. interrogating, inquiring about or discussing with any of their workers or former workers such worker's potential or actual communications with the Wage Hour Investigators or other agents of the Department of Labor.

2. Defendants, Magnolia Processing, Inc. and Battle Fish North, will annually, for the next three years, provide the statement previously authorized by this Court's order dated September 27, 2023, to each H2A employee employed for their respective separate business.

3. The parties agree that all causes that were brought or could have been brought under 29 U.S.C. § 211(a) or 29 U.S.C. § 215(a)(3) are merged herein.

4. Defendants, Magnolia Processing, Inc, and Battle Fish North, shall have its upper management participate in such additional training on the right of H2A workers and shall provide notice of such training to the Acting Secretary. Such training shall be made available remotely and consist of not less than 8 hours nor more than 12 hours per each member of upper management.

5. Defendants William Houston Battle, Sr., William Houston Battle, Jr., and Thomas Cooper Battle, are dismissed from this cause of action.

6. Defendants neither admit nor deny the allegations in the Complaint.

7. The parties agree this Court has authority to enforce this Order and is the most appropriate venue for any enforcement action which may be required as a result of this Order.

8. Defendants expressly waive any and all claims of any nature that it may have or may have against the Acting Secretary, or any of his officers, agents, employees, or representatives, arising out of or in connection with the filing, prosecution, and maintenance of this civil action.

9. This Consent Judgment represents a complete settlement of any and all of the Secretary's claims asserted in this action against Defendants. This Order entering the Consent Judgment is not binding upon any government agency or claimant other than the U.S. Department of Labor and only resolves claims arising out of this action by and among the Secretary and Defendants.

FURTHER ORDERED that the Court will retain jurisdiction for purposes of enforcing this Judgment. The case is dismissed with prejudice with each party to bear its own attorney's fees, costs and expenses incurred by such party in connection with any stage of this case, including but not limited to attorney's fees which may be available under the Equal Access to Justice Act, as amended.

Dated: September 5, 2024            /s/Michael P. Mills
The Honorable Michael P. Mills
UNITED STATES DISTRICT JUDGE

The parties hereby consent to and move for the entry of this Consent Judgment.

| **For the Acting Secretary** | **For All Defendants** |
|---|---|
| | |

**For the Acting Secretary**

SEEMA NANDA
Solicitor of Labor

TREMELLE I. HOWARD
Regional Solicitor

CHARNA C. HOLLINGSWORTH-MALONE
Deputy Regional Solicitor

DANIEL P. MILLER
Trial Attorney

/s/ John O. Gainey
JOHN O. GAINEY
Trial Attorney

Attorneys for the Acting Secretary of Labor
United States Department of Labor

U. S. Department of Labor
Office of the Solicitor
61 Forsyth Street, SW, Room 7T10
Atlanta, Georgia 30303
Telephone: (678) 237-0623
Facsimile: (404) 302-5438
Gainey.john.o@dol.gov
miller.daniel.p@dol.gov
atl.fedcourt@dol.gov

**For All Defendants**

/s/ Brandon E. Davis
BRANDON E. DAVIS

PHELPS DUNBAR LLP
4270 I-55 North
Jackson, MS 39211
Telephone: (601) 352-2300
Facsimile: (601) 352-9777
marcellus.chamberlain@phelps.com
brandon.davis@phelps.com